PHILIP GOLDBLATT *vs.* SOL KOFFLER, *d.b.a.* AMERICAN
LUGGAGE WORKS.

MAY 3, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is an action of assumpsit, brought by a former traveling salesman for the defendant, Sol Koffler, doing business as the American Luggage Works, to recover commissions which the plaintiff alleges were earned by him, while so employed, but remained unpaid.

The defendant filed a plea of nonassumpsit and at the end of a trial in the superior court the jury returned a verdict for the plaintiff for $544.85.   The defendant filed a motion for a new trial, on the grounds that the verdict was against the law and was against the evidence and the weight thereof and that the damages assessed were excessive.   The trial justice in his decision denied the motion, if the plaintiff would remit all of the verdict in excess of $433.30, but granted it, if such remittitur was not filed. The plaintiff filed

such remittitur and the defendant filed an exception to the decision.

The case is now before us on a bill of exceptions by the defendant which, as filed, contained ten exceptions, all but four of which were later waived. The remaining ones were as follows: one to the denial of his motion for the direction of a verdict in his favor, one to the decision of the trial justice upon the motion for a new trial, and two to refusals by the trial justice to permit the defendant to prove the amount of a payment which his brother testified had been made by the defendant to the federal tax authorities for a social security tax that he said was owed by the plaintiff.

Undisputed evidence showed the following facts: From some date in 1939 to some date in December 1942 the plaintiff was, under an oral agreement, employed as a traveling salesman by the defendant, a manufacturer of articles described as luggage. This was of two classes, known as "de luxe" and "standard", as to which his commissions on sales were at the rates of 10% and 7% respectively, and a cheaper class, as to which the rate was 5%. As to that class the plaintiff's attorney, as shown by the transcript, admitted to the jury (in connection with the charge by the trial justice) that the plaintiff would accept 5% on $2000. As to the two higher classes, the plaintiff found so much difficulty in calculating the commissions on them separately that his attorney, in connection with the charge, likewise stated, in substance, that he would accept 7% on the balance of the orders.

There was evidence for the plaintiff, which was not seriously disputed by the defendant, that the total amount of the orders which the plaintiff obtained for the defendant in 1942, and which were accepted by the defendant but not filled in that year and for which the plaintiff was not paid commissions, was $7577.75. There was also some testimony by the plaintiff that not more than $2000 of that amount was for the cheap class of goods on which his commissions were at the rate of 5%, thus leaving $5577.75, on which,

according to the evidence in his favor, the rate of commissions was at least 7%.

The defendant admitted that there was an unpaid balance of $54.41 due on orders which had been taken by the plaintiff and filled by the defendant in 1942, but denied that he owed him anything on orders taken by the plaintiff but not filled by the defendant in that year. The plaintiff, however, testified that by the agreement between them he was entitled to commissions on all orders taken by him and accepted by the defendant, whether or not the goods ordered were shipped; while the defendant's brother, who was active in the business and was his sole witness, testified that commissions were payable only on goods covered by such orders *and shipped* by the defendant to the customers during the calendar year in which the orders therefor were taken by the plaintiff and accepted by the defendant.

In other words, his testimony was to the effect that all orders lapsed which were not filled by shipments made before the expiration of the calendar year in which such orders were taken; and that the plaintiff was not entitled to commissions thereon, even though such orders were renewed by the customers early in the new year and were later filled by the defendant.

As to the two exceptions of the defendant to refusals by the trial justice to permit him to prove the amount of a payment which his brother testified was made to the collector of internal revenue for a social security tax owed by the plaintiff, we cannot, from the evidence, find that a valid social security tax was assessed against the plaintiff, payable by the defendant for him, or that the plaintiff authorized any such payment. We therefore find that the defendant's exceptions to the refusal of the trial justice to permit the defendant to show the amount paid by him for such tax should be overruled.

As to the defendant's exception to the denial of his motion for the direction of a verdict in his favor, we find no merit in it, in view of the facts that he admitted, as above stated,

that he owed the plaintiff a balance of $54.41, on goods shipped in 1942, and he did not prove any payment, made by him to the collector of internal revenue, of a valid tax properly chargeable to the plaintiff. That exception must therefore be overruled.

This leaves for our consideration only the defendant's exception to the decision of the trial justice denying the defendant's motion for a new trial, if the plaintiff would remit all of the verdict in excess of $433.30.

It is apparent to us that the jury believed the plaintiff's testimony as to the nature of the contract; and it is clear, from a consideration of the evidence, how the verdict of $544.85 was arrived at. As above stated, there was evidence that the total amount of orders which in 1942 were taken by the plaintiff and accepted by the defendant and for which the plaintiff had not been paid his commissions was $7577.75; and that not more than $2000 of this was for the cheapest grade of luggage, leaving $5577.75, on which he had agreed in court to be satisfied with commissions at 7%.

When 7% of $5577.75, 5% of $2000, and $54.41, the balance admittedly due to the plaintiff on orders obtained by him and filled in 1942, are added together, the total is $544.85, the amount of the verdict. However, when only 5% of the total of $7577.75 is added to $54.41, the sum is $433.30, the amount to which the verdict was reduced by the remittitur.

Evidently the trial justice was of the opinion that the plaintiff had proved the contract as stated by him and the total amount of the orders taken by him for which he had not been paid; but that he had not proved that at least a certain amount of these orders were for one or both of the better classes of luggage.

In view of these facts, and after examining and considering all the testimony and the exhibits in the case, we are of the opinion that the decision of the trial justice on the motion for a new trial was not clearly wrong.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict as reduced by the remittitur.

*Sidney L. Rabinowitz,* for plaintiff.
*Francis J. O'Brien,* for defendant.